IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES THOMPSON,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER GRANTING STAY<br><br>Case No.  2:16CV717DAK<br><br>Judge Dale A. Kimball |

  On June 24, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 asserting that the United State Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2005), invalidating the Armed Career Criminal Act's residual clause, applies retroactively to a similar provision in the United States Sentencing Guidelines ("USSG") used to calculate Petitioner's sentence.  In response, the United States filed a Motion to Stay Pending Supreme Court's Ruling in *Beckles v. United States*, S. Ct. No. 15-8544, *cert. granted*, 136 S. Ct. 2510 (June 27, 2016).

  On March 29, 2005, the Court sentenced Petitioner based on a Fed. R. Crim. P. 11(c)(1)(C) plea to 188 months incarceration for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  Petitioner's Presentence Report first calculated Petitioner's sentence relying on the amount of methamphetamine Petitioner possessed. In finding that there was 294.7 grams consisting of 213.12 grams of actual methamphetamine,

which was "at least 150 G but less than 500 G of Methamphetamine (actual)," the applicable base offense level was 34 based on USSG § 2D1.1(c)(3).  In addition to determining a base offense level based on the quantity of methamphetamine, the probation office also determined a base offense level according to the career offender provisions in USSG § 4B1.1.  Based on a determination that Petitioner had a prior crime of violence and a controlled substance offense, Petitioner's base offense level under U.S.S.G. § 4B1.1 was also set at level 34.  Petitioner's prior conviction under Utah state law for aggravated assault was considered a crime of violence under USSG §4B1.2.  With a 3-level reduction for acceptance of responsibility, Petitioner's total offense level under either calculation was 31.  Petitioner had a criminal history score of 20 and thus a criminal history category VI.  Therefore, with a criminal history category of VI and a total offense level of 31, the applicable guideline range was 188-235 months.  The court sentenced Petitioner to 188 months pursuant to an 11(c)(1)(C) plea.

      Petitioner argues that if his prior conviction for aggravated assault had not been considered a crime of violence, his applicable guideline range would have been 30-37 months and the range for the drugs should have been 151-188 months.  Petitioner does not explain, and it is unclear to the court, why there would be two applicable guideline ranges and why the guidelines range based on drug quantity would be affected by crime of violence analysis.[1]

---

[1] However, without the career offender status, Petitioner may be entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the USSG.  Amendment 782, effective November 1, 2014, reduced base offense levels assigned to drug quantities in USSG § 2D1.1 and it applies retroactively.  But "the amendment has no impact on a sentence that was based on a career-offender provision under § 4B1.1." *U.S. v. Sayonh*, 2016 WL 4593487, *1 (D. Kan. Sept. 2, 2016) (granting *Beckles* stay in case involving whether career

Nonetheless, Petitioner contends that his conviction for aggravated assault under Utah law falls within the residual clause of the Guideline's definition of "crimes of violence," which the Tenth Circuit has found to be unconstitutionally vague in light of *Johnson*. *See U.S. v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015). Only one circuit court has determined that *Johnson* does not apply to the residual clause in USSG § 4B1.2, and the United States Supreme Court has granted certiorari in that case. *See Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2016), *cert granted*, 84 U.S.L.W. 3694 (U.S. June 27, 2016) (No. 15-8544).

On July 22, 2016, the United States filed a Motion to Stay asking the court to postpone its decision on Petitioner's § 2255 motion until after the Supreme Court's ruling in *Beckles v. United States*. The Supreme Court has granted certiorari in the *Beckles* case to determine, among other things, whether the holding in *Johnson* applies to the residual clause definition of a "crime of violence" in USSG § 4B1.2 and, if *Johnson* does apply, whether it applies retroactively to cases on collateral review.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255.

---

offender status precluded sentence reduction under Amendment 782); *U.S. v. Parker*, 2016 WL 1459518, *2 (10th Cir. 2016) (Amendment 782 has no impact on a sentence based on the career-offender provision).

> The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In other words, the court only has jurisdiction to vacate, set aside, or correct a sentence if the petitioner files a motion within one year of the dates specified in the statute. The date applicable to Petitioner's § 2255 motion is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner argues that the Supreme Court decision in *Johnson v. United States*, decided June 26, 2015, asserted a new right that is retroactively applicable to cases on collateral review pursuant to 28 U.S.C. § 2255(f)(3). *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that, because the *Johnson* decision "struck down part of a criminal statute that regulates conduct and prescribes punishment," *Johnson* "has retroactive effect in cases on collateral review"). However, the court only has jurisdiction to review Petitioner's sentence if *Johnson*, which only considered the residual clause of the ACCA, also applies to USSG § 4B1.2 and if the application of *Johnson* to USSG § 4B1.2 is made retroactively applicable to cases on collateral review.

Although the Tenth Circuit has already determined that *Johnson* applies to USSG § 4B1.2, *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015), the Tenth Circuit has not

4

yet directly decided whether *Johnson*'s application to USSG § 4B1.2 is retroactively applicable to cases on collateral review, *but see In re Encinias*, 821 F.3d 1224, (10th Cir. 2016) (allowing a petitioner to file a second or successive 2255 because "as a prima facie matter" the petitioner's challenge to USSG § 4B1.2 was "sufficiently based on *Johnson*"). Most of the other Circuits that have addressed this retroactivity issue have also addressed it in the context of whether to allow a second or successive 2255 petition, which applies a different standard than the standard used to grant or deny a 2255 petition. *See In re McCall*, 826 F.3d 1308, 1310 (11th Cir. 2016) (Martin, J., concurring) (noting that "no court of appeals has decided whether *Johnson* applies *retroactively* to either mandatory or advisory § 4B1.2(a)(2) sentences" but compiling cases of courts that have "'certified' 'a prima facie showing' that the Supreme Court 'made [*Johnson*] retroactively applicable to [§ 4B1.2(a)(2)] cases on collateral review'" (quoting 28 U.S.C. §§ 2244(b)(3)(C), 2255(h))); *see also In re Patrick*, No. 16-5353, 2016 WL 4254929, at *2 (6th Cir. Aug. 12, 2016) (compiling cases).

At least two circuits, the Second Circuit and the Sixth Circuit, have granted petitioners' leave to file second or successive petitions challenging USSG § 4B1.2's residual clause in light of *Johnson*, but directed the district court to stay the case pending the Supreme Court's decision in *Beckles*. *See In re Embry*, 2016 WL 4056056 (6th Cir. July 29, 2016); *Blow v. U.S.*, 829 F.3d 170, 172-73 (2d Cir. 2016). The Sixth Circuit concluded that "it makes the most sense to grant the gatekeeping motions, send the cases to the district courts, and ask the district courts to hold the cases in abeyance pending the Supreme Court's decision in *Beckles*." 2016 WL 4056056, at *4.

To date, only the Eleventh Circuit has held that *Johnson* has no retroactive applicability to the sentencing guidelines. *See Beckles v. United States*, 616 F. App'x 415, 416 (11th Cir. 2016) ("*Johnson* says and decided nothing about career-offender enhancements under the Sentencing Guidelines or about the Guidelines commentary underlying Beckles's status as a career offender.").

Therefore, there is no controlling law on whether *Johnson* applies retroactively to USSG § 4B1.2 for cases on collateral review. The court finds both parties' arguments on the retroactivity issue to be persuasive. Petitioner argues that the reasoning in *Welch*, which made *Johnson* retroactively applicable to ACCA cases on collateral review, should apply equally to the sentencing guidelines because of the central role that the guidelines play in sentencing. But the United States argues that it is not clear that *Welch* would apply equally to the sentencing guidelines because the guidelines are simply one procedural factor of many that are used to determine an appropriate sentence. Accordingly, the court is unclear as to how the Supreme Court might rule on whether *Johnson* is retroactively applicable to USSG § 4B1.2 cases on collateral review.

Because of this uncertainty, the court's jurisdiction over this petition is in question. If the court were to decide that *Johnson*'s application to USSG § 4B1.2 is retroactively applicable to cases on collateral review and were to vacate Petitioner's sentence, the court could potentially resentence Petitioner to a term that would allow for his immediate release. This decision would be irreversible. If the Supreme Court later decided that *Johnson*'s application to USSG § 4B1.1 is *not* retroactively applicable to cases on collateral review, the court would have made an

irreversible decision without the jurisdiction to do so. Given this potential for serious and irreversible error, the court concludes that Mr. Guerrero's petition should be stayed until the Supreme Court issues a decision in *Beckles*. The court is not willing to make an irreversible decision in this case when significant questions exist as to whether the court even has jurisdiction to decide the issues in the first place.

The Supreme Court has granted certiorari to hear, and will definitively decide, the same questions that are at issue in this case. Therefore, it is not only in the interest of judicial economy but also in the interest of proceeding with caution when a significant issue of jurisdiction exists to stay the petition until the Supreme Court issues a decision in *Beckles*.[2]

For the reasons stated above, the United States' Motion to Stay is GRANTED. The parties are directed to submit a status report within 14 days of the Supreme Court's decision in *Beckles v. United States*.

DATED this 28th day of October, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[2] Petitioner argues that, under the standard established by the Supreme Court in *Landis v. North America Co.*, 299 U.S. 248 (1936), judicial economy alone may not be a sufficient reason to justify a stay in a case where the stay will work damage to the petitioner. However, in this case, the court's decision is primarily based on jurisdictional concerns.